IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STOVER STOCKTON, #3378-037 | * | |
| Petitioner | | Civil Action No. MJG-13-918 |
| v. | * | Criminal Action No. MJG-99-0352 |
| UNITED STATES OF AMERICA | * | |
| Respondent | | |
| | *** | |

## MEMORANDUM OPINION

Currently pending is Stover Stockton's ("Stockton") Motion under 28 U.S.C. § 2255. For the reasons stated herein, the Motion IS DISMISSED.

## I.   BACKGROUND

Stockton was found guilty of one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. On December 17, 2001, judgment was entered sentencing Stockton to a 390-month term in the Bureau of Prisons with five years of supervised release. He was also ordered to pay a $100.00 special assessment. The conviction was affirmed on appeal. See United States v. Johnson, 71 Fed. Appx. 200 (4th Cir. July 30, 2003). Stockton's Petition for Writ of Certiorari was denied. See Stockton v. United States, 540 U.S. 1066 (2003).

## II.   DISCUSSION

On November 29, 2004, Stockton filed his first Motion to Vacate. ECF No. 466. After briefing from the parties, on May 4, 2005, the Motion was dismissed with prejudice. ECF Nos. 480 & 481. The appeal was dismissed and a certificate of appealability was denied on November 23, 2005. See United States v. Stockton, 156 Fed. Appx. 566 (4th Cir. November 23, 2005).

On July 11, 2006, Stockton filed a second Motion to Vacate. ECF No. 500. The Motion was dismissed on August 1, 2006. ECF Nos. 505-506. The appeal of that decision was dismissed by the Fourth Circuit. See United States v. Stockton, 207 Fed. Appx. 280 (4th Cir. November 27, 2006).

### III.   ANALYSIS

On March 25, 2013, Stockton filed the instant Motion to Vacate, raising two ineffective assistance grounds. (ECF No. 588). Stockton is undoubtedly attacking his federal conviction under § 2255. A second or successive § 2255 motion may not be filed absent authorization to do so from the Court of Appeals. See 28 U.S.C. §§ 2244(b)(3)(A)& 2255; In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Without such authorization, the district court lacks jurisdiction to hear the claims. See United States v. Winestock, 340 F.3d 200, 208-209 (4th Cir. 2003). As the authorization for filing a successive action exclusively lies in the circuit courts, this Court is without jurisdiction to grant or deny same.[1]

### III.   CONCLUSION

Accordingly, the Court hereby DISMISSES Stockton's Motion. A separate Order follows.[2]

SO ORDERED, on Monday, April 1, 2013.

                                                                                                       _____
                                                                                                       Marvin J. Garbis
                                                                                                       United States District Judge

---

[1] Indeed, in 2006, the Fourth Circuit declined to grant an application for Stockton to file a second or successive § 2255 Motion. See United States v. Stockton, 207 Fed. Appx. 280 (4th Cir. November 27, 2006).

[2] The Clerk shall mail Stockton the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization for District Court to consider second or successive application for relief).